UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MALINKA MOYE,

        Plaintiff,

    v.

FIDELITY NATIONAL TITLE CO.; *et al.*,

        Defendants.
_____/

No. C-14-2878 EMC (pr)

**ORDER OF DISMISSAL**

    Malinka Moye filed more than 17 *pro se* civil rights actions in a short six-week period while he was in custody at the San Francisco County Jail. The Court reviewed the complaints pursuant to 28 U.S.C. §§ 1915 and 1915A; in a single order, the Court dismissed 17 of the complaints with leave to amend to cure numerous problems.[1] Mr. Moye then filed amended complaints in all 17 actions.

    The amended complaint in this action is a rambling jumble of ideas and conclusory allegations that is largely incomprehensible. The amended complaint fails to allege "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint also alleges fraud but, notwithstanding the instruction in the order of dismissal with leave to amend, does not state with particularity the circumstances constituting fraud. *See* Fed. R. Civ. P. 9(b). Due to the Court's inability to understand the claim(s) being asserted in the

---

[1] An eighteenth action filed during that six-week period, *Moye v. Napa State Hospital*, No. C 14-3121 EMC, alleged that Moye had been admitted improperly to the Napa State Hospital. That complaint was addressed in a separate order. Mr. Moye also has filed a petition for writ of habeas corpus apparently to challenge the criminal proceedings against him in San Francisco County Superior Court, *Moye v. People*, C 14-3729 PJH, that is pending. Any claim about his transfer to Napa State Hospital should be pursued in Case No. C. 14-3121 EMC, and any challenge to the lawfulness of his custody should be brought in a petition for writ of habeas corpus.

amended complaint, the Court cannot determine whether the amended complaint cures any of the other problems identified in the order of dismissal with leave to amend.  Further leave to amend will not be granted because it would be futile:  the order of dismissal with leave to amend identified the deficiencies in the original complaint and Mr. Moye was unable or unwilling to cure them in his amended complaint.  There is no reason to believe that, with further leave to amend, he would be able to present a coherent statement of his claim(s).

Although the Court does not understand the vast majority of Mr. Moye's allegations, one of the allegations appears to be that Fidelity National Title Company assisted in Lydia Baca's purchase of the property at 40-42 Parsons Street in San Francisco.  *See* Docket # 10 at 7-8.  Insofar as Mr. Moye is trying to assert claims about the purchase of the Parsons Street property, he has failed to show that such claims are not barred by the doctrines of res judicata and collateral estoppel, despite the Court's admonition that he had to do so.  *See* Docket # 7 at 5.

For the foregoing reasons, and the reasons stated in the order of dismissal with leave to amend, this action is DISMISSED for failure to state a claim upon which relief may be granted.  In light of the dismissal, all pending motions are denied as moot.  The Clerk shall close the file.

IT IS SO ORDERED.

Dated: October 8, 2014

_____
EDWARD M. CHEN
United States District Judge

2